RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/18/15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **MICHAEL AMON RACHAL** | **DOCKET NO. 15-CV-1920; SEC. P** |
| **VERSUS** | **JUDGE DRELL** |
| **AMANDA MCCLUNG** | **MAGISTRATE JUDGE KIRK** |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Michael Amon Rachal filed the instant civil rights complaint (42 U.S.C. §1983) on June 17, 2015 [Doc. #1], and he was granted leave to proceed *in forma pauperis* on July 14, 2015 [Doc. #6]. According to his complaint, Plaintiff is a pretrial detainee incarcerated at the Natchitoches Parish Detention Center. He seeks the dismissal of criminal charges pending against him as well as compensatory damages for false imprisonment. He names the assistant district attorney assigned to his case as the defendant.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Plaintiff's Allegations*

Plaintiff was charged with attempted second degree murder of his girlfriend. [Doc. #1, p.3] He states that his girlfriend "dropped the charge" on March 10, 2015, but he has not been released. [Doc. #1, p.3, 6]

### *Law and Analysis*

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is

obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C. §1915(e)(2); see Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990).

A §1983 lawsuit is the proper vehicle to challenge unconstitutional conditions of confinement and jail procedures, while a petition for a writ of habeas corpus is the proper vehicle to seek release from custody. See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997); see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). The Plaintiff has brought the wrong type of lawsuit to the extent that he is attempting to bring a case in federal court regarding the criminal charges filed against him. The proper method of challenging the attempted murder charges pending against him in federal court is through a pre-trial petition for a writ of habeas corpus *after he has exhausted all state court remedies*. See Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987).

Plaintiff seeks monetary damages from Assistant District Attorney McClung for his wrongful imprisonment. His claim is barred by the doctrine of absolute prosecutorial immunity. A district attorney and his/her assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings

and in presenting the State's case. See Kalina v. Fletcher, 522 U.S. 118, 129 (1997); Imbler v. Pachtman, 424 U.S. 409 (1976); Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997). Furthermore, the prosecution of criminal actions in the Louisiana courts is a matter solely within the discretion of the Louisiana Attorney General and the various District Attorneys. See La. C.Cr.P. arts. 61 and 62.

### *Conclusion*

For the forgoing reasons, Plaintiff fails to state a claim for which relief can be granted. **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

### *Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _18th_ day of August, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE